## Case No. 12,934.

### SLACUM v. BROWN.

[5 Cranch, C. C. 315.] [1]

Circuit Court, District of Columbia. Oct. Term, 1837.

LANDLORD AND TENANT — RIGHT OF TENANT TO ABANDON FOR WANT OF REPAIRS—SUBLEASE.

A lessee cannot abandon for want of repairs, if he has underlet a part of the premises for a year not yet expired, although the premises are in a ruinous condition. The receipt by the lessor of rent from an under-tenant of part of the premises, is no evidence of the lessor's consent to the lessee's abandonment.

[Cited in brief in Prior v. Kiso, 81 Mo. 242.]

Debt for two quarters' rent on a demise at —— per annum due November, 1832, and February, 1833.

[John M.] Brown, the lessee, underlet part of the premises to one Thomas, for a year ending on the 1st of November, 1833, who paid Mrs. [Jane H.] Slacum for the two first quarters of the year at $50 a quarter, and tendered to her the rent for the two next quarters.

1 [Reported by Hon. William Cranch, Chief Judge.]

Mr. Semmes, for defendant, offered evidence to prove that the premises were very much out of repair, so that he had a right to abandon them, and did abandon them before the rent accrued for which this action was brought, and prayed the court to instruct the jury "that if they believed, from the evidence, that the premises were so much out of repair as to do damage to the tenant's goods and chattels; and the landlord, on notice thereof, refused or neglected to repair; then that the tenant was not responsible for rent after quitting the premises, although no notice of quitting was given to the landlord;" and cited Edwards v. Etherington, 1 Ryan & M. 268; Com. Landl. & Ten. 304; 6 Law Lib. 304, 450.

Mr. Taylor, for plaintiff, contended that if the premises were so out of repair, yet, as the defendant had underlet a part of them for a year ending on the 1st of November, 1833, he could not in the meantime abandon so as to put an end to the demise, which was from year to year; and that Mrs. Slacum's receipt of rent from the under-tenant of part of the premises, is not evidence of her assent to the abandonment by the lessee.

THE COURT (nem. con.) refused to give the instruction prayed by Mr. Semmes, being of opinion that Mr. Brown could not abandon after underletting a part of the premises for the year. That in such a case the ruinous state of the premises, so that the defendant's goods were liable to be injured thereby, is not sufficient to justify the abandonment; and that the receipt by Mrs. Slacum of rent from the subtenant of part of the premises, is not evidence of her assent to such abandonment.